IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ERIK ROBERTS,                          )
                                       )
                    Plaintiff,         )
                                       )
        v.                             )        Case No.:  08-cv-1534
                                       )
ACL TRANSPORTATION SERVICES, LLC.      )
                                       )
                    Defendant.         )

## ANSWER TO FIRST AMENDED COMPLAINT

Defendant, ACL Transportation Services, LLC. ("ACL"), by its attorneys, Shari L.

Friedman and Warren J. Marwedel of Marwedel, Minichello & Reeb, P.C., for its answer and

defenses to  Plaintiff's First Amended Complaint, states as follows:

1.      Jurisdiction and venue lie in this action, Defendant conducting business within the
forum's boundaries.

**ANSWER:**    Defendant ACL admits that it conducts business within this jurisdiction.

2.      Jurisdiction is founded under the Jones Act (45 USCA 30104) for negligence, and
under the General Maritime Law for unseaworthiness, maintenance, cure and wages.

**ANSWER:**    Defendant ACL admits that Plaintiff has alleged that jurisdiction is

founded under the Jones Act (46 USC 688) for negligence, and under the General Maritime Law

for unseaworthiness, maintenance, cure and wages.  ACL denies any remaining allegations of

Paragraph 2.

3.      At all times material to issues herein Plaintiff served as an employee of Defendant
serving as a crew member aboard its vessels, with all act and/or omissions giving rise to this
action occurring in the course of Plaintiff's employment in the service of his ship.

**ANSWER:**    Defendant ACL admits that Plaintiff was employed by Defendant serving

as a deckhand aboard one or more of its vessels.  Defendant further admits that at the time of his

alleged injuries, Plaintiff was employed by Defendant.  Defendant denies each and every

remaining allegation of Paragraph 3.

4.    In or about August 2006, Plaintiff was in the course of employment when because of a deck obstruction he tripped and twisted his knee whereafter he was administered medical care lacking in reasonable care and thereafter was negligently assigned back to work activities resulting in aggravation or injury anew on or about November 9, 2006 when laying a wire, all damages thereby caused by said failure a safe place to work and seaworthy vessel.

**ANSWER:**    Defendant ACL denies that Plaintiff was injured in or about August 2006

while in the course of his employment with ACL.  Defendant ACL denies that there was any

deck obstruction or that Plaintiff tripped and twisted his knee in August 2006.  Answering

further, ACL states that it is aware that on July 29, 2006, Plaintiff claimed he was injured when

he tripped and twisted his knee.  ACL denies that Plaintiff was administered inadequate or

unreasonable medical care for that alleged injury and denies that Plaintiff was negligently

assigned back to work activities.  ACL admits that on or about November 9, 2006, Plaintiff was

working for Defendant on one of its vessels and claimed he re-injured or aggravated the same

knee involved in the incident of July 29, 2006.  Defendant ACL denies each and every

remaining allegation of Paragraph 4, including without limitation that ACL failed to provide a

safe place to work and a seaworthy vessel.

5.    Defendant's tortious acts aforesaid caused or contributed to Plaintiff's damages, **inter alia**, as follows:

a.    Pain and suffering, past, present and future;

b.    Mortification, humiliation, fright, shock or embarrassment;

c.    Loss of earnings and earning capacity;

d.    Hospital, pharmaceutical and other cure expenses;

e.    Aggravation of prior condition, if any there be;

    f.        Inability to engage in social, recreational, and other pursuits previously enjoyed;

    g.        Mental anguish;

    h.        Found;

    i.        Maintenance, cure, wages and/or attorneys fees.

**ANSWER:**    Defendant ACL denies that it performed any tortuous [sic] acts and further denies each and every allegation of Paragraph 5, including subparts (a) through (i), inclusive.

WHEREFORE, Defendant, ACL Transportation Services, LLC, respectfully requests that this Honorable Court dismiss this action with prejudice, enter judgment in its favor and against the Plaintiff, and award such other and further relief deemed appropriate by this Court.

## FIRST AFFIRMATIVE DEFENSE

1.      That at the time and place of the first occurrence in or about August 2006, it was the duty of the Plaintiff to exercise due care and caution for his own personal safety.

2.      That at the aforesaid time and place, Plaintiff was then and there guilty of one or more of the following careless and negligent acts or omissions:

    a.        Failed to keep a proper lookout of his surroundings;

    b.        Failed to proceed with due, care and caution as he walked on the deck of the vessel; and,

    c.        Was otherwise careless and negligent.

3.      That Plaintiff was guilty of acts or omissions which were the sole proximate cause of his alleged injuries and damages or, in the alternative, Plaintiff was guilty of acts or omissions that caused or contributed to his alleged injuries and damages.

WHEREFORE, Defendant, ACL Transportation Services, LLC, requests that in the event of a finding of liability against it, any award of damages to Plaintiff be reduced by the proportionate amount of Plaintiff's fault in causing or contributing to cause his own injuries and damages.

## SECOND AFFIRMATIVE DEFENSE

1.    That at the time and place of the alleged second occurrence in November 2006, it was the duty of the Plaintiff to exercise due care and caution for his own personal safety.

2.    That at the aforesaid time and place, Plaintiff was then and there guilty of one or more of the following careless and negligent acts or omissions:

    a.    Failed to keep a proper lookout of his surroundings;

    b.    Failed to proceed with due, care and caution as he walked on the deck of the vessel;

    c.    Failure to heed medical advice, including but not limited to, failing to wear a knee brace; and

    d.    Was otherwise careless and negligent.

3.    That Plaintiff was guilty of acts or omissions which were the sole proximate cause of his alleged injuries and damages or, in the alternative, Plaintiff was guilty of acts or omissions that caused or contributed to his alleged injuries and damages.

WHEREFORE, Defendant, ACL Transportation Services, LLC, requests that in the event of a finding of liability against it, any award of damages to Plaintiff be reduced by the proportionate amount of Plaintiff's fault in causing or contributing to cause his own injuries and damages.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's injuries, if any, were caused in whole or part by persons or entities other than Defendant.

WHEREFORE, Defendant, ACL Transportation Services, LLC, respectfully requests that this Honorable Court enter judgment in its favor and against the Plaintiff, and for any other relief deemed appropriate by this Court.

Respectfully submitted,

ACL TRANSPORTATION SERVICES, LLC

By:    /s/ Shari L. Friedman
        Warren J. Marwedel (01785109)
        Shari L. Friedman (06193095)
        Marwedel, Minichello & Reeb, P.C.
        10 S. Riverside Plaza, Suite 720
        Chicago, IL 60606
        (312) 902-1600 – Phone
        (312) 902-9900 – Facsimile

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ERIK ROBERTS,                                )
                                             )
                    Plaintiff,               )
                                             )
        v.                                   )        Case No.:  08-cv-1534
                                             )
ACL TRANSPORTATION SERVICES, LLC.            )
                                             )
                    Defendant.               )

## Certificate of Service

Shari L. Friedman, an attorney, certifies that on May 20, 2008, she caused a true and correct copy of ANSWER TO FIRST AMENDED COMPLAINT to be electronically filed with the Clerk of the U.S. District Court for the Northern District of Illinois, via its CM/ECF System, who sent notice of said filing electronically to:

**Dennis M. O'Bryan**
O'Bryan, Baun Cohen Kuebler Karamanian
401 South Old Woodward
Suite 320
Birmingham, MI 48009
Email: dob@obryanlaw.net

**Frederic A. Mendelsohn**
Burke, Warren, MacKay & Serritella PC
330 North Wabash Avenue
22nd Floor
Chicago, IL 60611
Email: fmendelsohn@burkelaw.com

                                    /s/ Shari L. Friedman
                                    Shari L. Friedman, Esq.